IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| STEVEN MORGAN | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 5:13cv94 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Steven Morgan, an inmate confined at the Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends the petition for writ of habeas corpus should be dismissed as barred by limitations.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes petitioner's objections should be overruled.

Although the statute of limitations is an affirmative defense, a district court may raise the defense *sua sponte* and dismiss a petition before answer if it "plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule 4 of the Rules Governing Section 2254 Cases).

A *pro se* prisoner's habeas petition is deemed filed, for purposes of determining the applicability of the AEDPA, when he delivered the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Absent evidence to the contrary, courts will assume a prisoner's motion was delivered to prison authorities the day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

In his objections, petitioner contends he placed his petition in the prison mail on August 3, 2013, and requests the benefit of the mailbox rule. Petitioner, however, does not address the fact that the envelope which contained his petition also contained a letter he dated five days after the date on his petition, a point clearly explained by the magistrate judge in her Report and Recommendation.

Here, petitioner's letter dated August 8, 2013 regarding the filing fee, which was mailed to the Court with his petition, contradicts his statement that he placed the petition in the prison mail on August 3, 2013, and it demonstrates petitioner maintained control of his petition at least until the date of the letter, August 8, 2013. Further, the Court notes the petition is absent any allegations that exceptional circumstances existed such as to potentially warrant the application of equitable tolling. Accordingly, petitioner's objections should be overruled, and the petition should be dismissed.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting

a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

Order

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is

**ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**So ORDERED and SIGNED this 2nd day of February, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE